IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-5-FL-1
No. 4:16-CV-5-FL

| | | |
|---|---|---|
| STANLEY D. ARMSTRONG, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 43), which challenges his designation as a "career offender" under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 in light of Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 46). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On April 8, 2011, petitioner pleaded guilty, with benefit of a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute more than 28 grams of crack cocaine, a violation of 21 U.S.C. § 841(a). As a condition of his plea, petitioner waived his appeal collateral attack rights. In particular, petitioner waived the right to appeal "whatever sentence is imposed," as well as "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255." (DE 18 at 1).

On February 13, 2012, the court sentenced petitioner to 158 months imprisonment. As relevant here, the court found that petitioner was a "career offender" and enhanced his sentence accordingly. See U.S.S.G. § 4B1.1. Petitioner's 131 month sentence is less than the 20 year statutory maximum imposed by 21 U.S.C. § 841(b).

Petitioner filed the instant motion to vacate on January 13, 2016. Petitioner argues that the court improperly classified him as a "career offender" in light of Johnson. Petitioner contends that his prior convictions triggered the career offender enhancement only because they were "crimes of violence," and, even then, by virtue of the "residual clause," which Johnson held unconstitutionally vague. On February 23, 2016, the government filed the instant motion to dismiss, arguing, among other things, that the instant motion to vacate is barred by petitioner's collateral attack waiver.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or the[ ] [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

2

B.  Analysis

Petitioner's motion to vacate must be dismissed on one of several grounds. First, petitioner's motion is barred by his collateral attack waiver, because his sentence is neither in excess of the applicable statutory maximum nor inconsistent with constitutional principles as they were understood at the time of his sentencing. Second, petitioner's motion to vacate fails on the merits. It fails to state a Johnson claim because, even if petitioner's motion were not barred by his collateral attack waiver, he still properly was classified as a "career offender."

1. Collateral Attack Waiver

Petitioner's motion to vacate must be dismissed because it is barred by the collateral attack waiver in his plea agreement. Guilty pleas typically "are accorded a great measure of finality." See Blackledge v. Allison, 431 U.S. 63, 71 (1977). To ensure finality, prosecutors routinely secure waivers of appeal and collateral attack rights as a term of the agreement. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Courts generally enforce these waivers, so long as the defendant knowingly and voluntarily agreed to them. Id.; United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

Petitioner does not challenge the waivers in his plea agreement as unknowing or involuntary. Rather, he contends that his Johnson claim falls beyond the scope of his collateral attack waiver. See Lemaster, 403 F.3d at 220 n.2; see also United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). It does not. In Moore v. United States, 4:12-CR-20-FL-1, 4:16-CV-164-FL, 2016 WL 3647863 (E.D.N.C. July 1, 2016), this court addressed and rejected an identical argument. See id. at *3–4. As the court observed, a collateral attack waiver is effective against an "alleged error stem[ming] from a subsequent change in the law,"

3

like Johnson. Id. at *3 (quoting United States v. Archie, 771 F.3d 217, 223 (4th Cir. 2014)); accord United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005). Therefore, on the basis of Moore, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

    2.    Merits

Even assuming petitioner's motion to vacate was not barred by his collateral attack waiver, it still fails on the merits.[1]

Petitioner claims that he improperly was sentenced as a "career offender." A defendant is a "career offender" if 1) he was at least 18 years old at the time he committed the instant offense of conviction; 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Petitioner was 33 years old when he committed the offense of conviction. Thus, the only aspect of the career offender enhancement seriously in dispute is the third one outlined above.

    A "crime of violence" is:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that. . .has as an element the use, attempted use, or threatened use of physical force against the person of another, or. . .is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). A "controlled substance offense" is:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

---

[1] The court assumes for purposes of the instant motion that Johnson applies retroactively to the advisory Sentencing Guidelines on collateral review.

4

Id. § 4B1.2(b).

Petitioner's Johnson claim fails. Johnson affects only the definition of "crime of violence." See Johnson 135 S. Ct. at 2557–58. Johnson does not affect the definition of "controlled substance offense." Petitioner's motion to vacate must be dismissed because he has two qualifying convictions for "controlled substance offenses." In particular, petitioner has two convictions under North Carolina law for possession with intent to sell and deliver cocaine, in 1994 and 2007.

Petitioner does not dispute the existence of those "controlled substance offenses." Nor does he meaningfully contest the fact that a conviction for possession with intent to sell and deliver cocaine, under North Carolina law, is a "controlled substance offense." Rather, petitioner suggests that his convictions are not "countable" for purposes of § 4B1.1 because they properly cannot be scored under § 4B1.2(c). Section 4B1.2 scores convictions in accord with § 4A1.1 and § 4A1.2. See U.S.S.G. § 4B1.2 n.3. Petitioner's argument is without merit.

Petitioner first argues that his 2007 sentence of imprisonment cannot be used to trigger the career offender enhancement because it is not a "prior sentence." That argument is plainly without merit. Petitioner's 2007 sentence was imposed on the basis of conduct that concluded no later than 2006, while his 2011 sentence was imposed on the basis of conduct occurring in 2009 and 2010. Further, petitioner's 2007 sentence and his 2011 sentence imposed by this court were separated by an intervening arrest, which occurred after petitioner's release from prison on his 2007 conviction. See id. § 4A1.2(a). Thus, petitioner's 2007 conviction and sentence may be counted toward the career offender enhancement.

5

Petitioner next argues that his 1994 conviction does not count toward application of the career offender enhancement because it is too old to be counted. Section 4A1.2(e) governs time limitations on counting prior sentences. In pertinent part, that provision reads:

1) any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

3) Any prior sentence not within the time periods specified above is not counted.

Id. §4A1.2(e). Petitioner's 1994 conviction properly was counted as a "prior sentence of imprisonment" exceeding 13 months and imposed within 15 years of his "commencement of the instant offense." Petitioner's 1994 conviction resulted in a suspended sentence. In 1995, petitioner's suspended sentence was revoked and he was sentenced to four years in custody. Petitioner's qualifying "prior sentence of imprisonment" was "imposed" in 1995. See United States v. Romary, 246 F.3d 339, 343 (4th Cir. 2001). Petitioner commenced the offense of conviction in 2009. Because petitioner's 4 year sentence was imposed 14 years prior to the commencement of the offense of conviction, petitioner's 1994 conviction properly may be counted toward application of the career offender enhancement.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they

are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 43) and GRANTS the government's motion to dismiss petitioner's motion to vacate. (DE 46). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of July, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge